JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR D. SOTO, | ) NO. 2:25-cv-02975-KS |
| | ) |
| Plaintiff, | ) MEMORANDUM AND ORDER |
| | ) GRANTING PLAINTIFF'S MOTION |
| v. | ) TO REMAND [DKT NO. 15] |
| | ) |
| NISSAN NORTH AMERICA, INC. | ) |
| et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

This Song-Beverly Consumer Warranty Act (Lemon Law) action arises out of alleged defects either contained or developed after Plaintiff's purchase of a new 2022 Nissan Pathfinder (Vehicle Identification Number 5N1DR3AA2NC215848) ("the Vehicle") that was manufactured and/or distributed by Defendant Nissan North America, Inc. ("NNA"). (Dkt. No. 8 at 3-4 ¶¶ 6-18.) NNA removed this action to federal court on the basis of diversity jurisdiction. (Dkt. No. 1.) Plaintiff subsequently filed an amended complaint adding Defendant Nissan of Redlands, and thereafter filed the pending Motion to Remand ("Motion") on the basis that diversity jurisdiction no longer exists. (Dkt. Nos. 8, 15.) NNA has opposed the Motion and the matter is now under submission to the Court for decision. (Dkt. Nos. 18, 22.)

1

1

2

## BACKGROUND

3        On January 17, 2025, Plaintiff filed the original Complaint that gave rise to this action

4    in the Superior Court of the State of California for the County of Los Angeles ("Los Angeles

5    Superior Court").  (*Id.* at 2.)  The original Complaint named only NNA and ten unidentified

6    Doe Defendants and presented five causes of action under the Song-Beverly Act, including

7    breach of express warranty and breach of the implied warranty of merchantability.  (*Id.* at 3-4,

8    6-10.)  The allegations in the original Complaint are outlined below.

9

10        Plaintiff alleges he purchased the Vehicle on or about December 4, 2021.  (Dkt. No. 1-

11    2 at 4 ¶ 5.)  Plaintiff also alleges that he received an express written warranty in which

12    Defendant "undertook to preserve or maintain the utility or performance of the Vehicle or to

13    provide compensation if there is a failure in utility or performance for a specified period of

14    time." (*Id.* at 5 ¶ 9.)  As alleged in the Complaint, the express warranty  provided "that in the

15    event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver

16    the Vehicle for repair services to a repair shop and the Vehicle would be repaired."  (*Id.*)

17

18        Plaintiff took possession of the Vehicle during the warranty period, and "the Vehicle

19    contained or developed defects, . . . that substantially impair the use, safety, and/or value of the

20    Vehicle."  (*Id*. at 5 ¶ 10.)  Those alleged defects included, but were not limited to: defective

21    body system; defective powertrain system; defective safety system; defective electrical system;

22    defective braking system; and defective noise system.  (*Id.* at 5 ¶ 11.)

23

24        Plaintiff "presented the Vehicle for repair to Defendant NNA" but NNA "has been

25    unable to service or repair the Vehicle to conform to the applicable express warranties after a

26    reasonable number of opportunities."  (*Id.* at 6 ¶ 20.)  Defendant "failed to commence the

27    service or repairs within a reasonable time and failed to service or repair the Vehicle so as to

28    conform to the applicable warranties within 30 days, . . . ."  (*Id.* at 7 ¶ 25.)  Defendant was

1    "aware that it was obligated to service or repair the Vehicle to conform to the applicable express
2    warranties within 30 days, yet it failed to do so." (*Id.* at 7 ¶ 28.)

3

4    Plaintiff further alleged that NNA "failed to make available to the privately owned
5    service and repair shops sufficient service literature and replacement parts to effect repairs
6    during the express warranty period." (*Id.* at 8 ¶ 30.) Finally, in the original Complaint, Plaintiff
7    maintains that:

8

9            In accordance with Defendant NNA's warranty, Plaintiff delivered the
10           Vehicle to Defendant NNA and/or the privately owned service and repair
11           shops in this state to perform warranty repairs. Plaintiff did so within a
12           reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified
13           Defendant NNA and/or the privately owned service and repair shops of the
14           characteristics of the defects. However, Defendant NNA and/or the privately
15           owned service and repair shops failed to repair the Vehicle, breaching the
16           terms of the written warranty on each occasion.

17

18   (*Id.* at 8-9 ¶ 33.)

19

20   On February 20, 2025, NNA Answered the Complaint, denying the allegations and
21   stating 29 affirmative defenses. (Dkt. No. 1-6.)

22

23   On April 4, 2025, Defendant removed the case to this Court pursuant to 28 U.S.C. §§
24   1332, 1441, and 1446. (Dkt. No. 1.) Defendant invoked this Court's jurisdiction on the ground
25   that diversity jurisdiction exists because Plaintiff is a resident of California and Defendant is a
26   Delaware Corporation and a citizen of Tennessee and Delaware. (*Id.* at 4-5.) Defendant further
27   argued that the $75,000 threshold to invoke diversity jurisdiction was met because: "if Plaintiff
28   were to prevail on his claims under Song-Beverly, he would be awarded damages of at least

3

$98,712.00 (calculated by adding the restitution amount plus Plaintiff's demand for a 2x civil penalty.)"  Therefore, "the total amount in controversy exceeds $75,000 even before adding Plaintiff's claims for pre-judgment interest, incidental and consequential damages, and attorney's fees and costs." (*Id.* at 6.)

On April 22, 2025, Plaintiff filed the operative First Amended Complaint ("FAC"). (Dkt. No. 8.)  The FAC again names NNA and ten Doe Defendants but adds Nissan of Redlands as a defendant. (*Id.* at 1.)  The FAC raises the same five Song-Berly causes of action against NNA. (*Id.* at 5-10.)  However, although the allegations are materially identical, Plaintiff refers in the FAC to "NNA's authorized repair facilit[ies]" where in the original Complaint Plaintiff referred to "privately owned service and repair shops." (*Id.* at 3, 5-8.)

The FAC adds a sixth cause of action "against Defendant [Nissan of Redlands] Only" for "Negligent Repair." (*Id.* at 10.)  More specifically, in the sixth cause of action Plaintiff alleges that he: (1) "delivered the Vehicle to Defendant [Nissan of Redlands] for repair on numerous occasions"; that "Defendant [Nissan of Redlands] owed a duty to Plaintiff to use ordinary care and skill in storage, preparation, diagnosis, and/or repair of the Vehicle with industry standards"; that "Defendant [Nissan of Redlands] breached its duty to Plaintiff to use ordinary care and skill by failing to properly store, prepare, diagnose, and/or repair the Vehicle in accordance with industry standards"; that "Defendant [Nissan of Redlands's] negligent breach of its duties owed to Plaintiff was a proximate cause of Plaintiff's damages"; and that "Plaintiff sustained damages due to Defendant [Nissan of Redlands's] failure to properly store, prepare, diagnose and/or repair the Vehicle in accordance with industry standards." (*Id.* at 10 ¶¶ 43-47.)

On May 6, 2025, NNA filed an Answer to the FAC denying the allegations of liability therein and asserting thirteen affirmative defenses. (Dkt. No. 13.)  On June 9, 2025, Plaintiff filed the pending Motion. (Dkt. No. 15.)  On June 18, 2025, NNA filed an Opposition to the

1    Motion. (Dkt. No. 18.) Plaintiff did not file a Reply. On July 7, 2025, the Court deemed the
2    Motion suitable for decision without oral argument, vacated the hearing on the Motion, and
3    took the matter under submission. (Dkt. No. 22.)

4

5                                            **THE MOTION**

6

7            Plaintiff argues that the inclusion of Defendant Nissan of Redlands divests this Court of
8    diversity jurisdiction because Defendant Nissan of Redlands and Plaintiff are both citizens of
9    California. (Dkt. No. 15-1.) Plaintiff maintains that the joinder of Defendant Nissan of
10   Redlands was proper under the widely accepted six-factor test for guiding a court's discretion
11   in determining whether to grant joinder. (*Id.* at 9-14.) Specifically, Plaintiff argues that: his
12   negligent repair claim against Defendant Nissan of Redlands is valid; Nissan of Redlands is
13   necessary for just adjudication; the applicable statute of limitations does not preclude an
14   original action against Nissan of Redlands; there has been no unexplained delay in requesting
15   joinder of Nissan of Redlands; Plaintiff will necessarily be prejudiced by the denial of joinder
16   in this instance; and joinder here is not intended solely to defeat federal diversity jurisdiction.
17   (*Id.*)

18

19           Plaintiff next argues that this Court should remand to the Los Angeles County Superior
20   Court because there is a "strong presumption" against removal jurisdiction, because NNA has
21   failed to establish by a preponderance of the evidence that the amount in controversy exceeds
22   $75,000, and that the inclusion of Nissan of Redlands as a defendant divests this Court of
23   diversity jurisdiction. (*Id.* at 14-15.) Applying a four-part test, Plaintiff additionally argues
24   that there is no basis for the Court to retain supplemental jurisdiction over Plaintiff's state law
25   causes of action because the factors of judicial economy and comity weigh strongly in favor
26   of remand and the factors of convenience and fairness are neutral. (*Id.* at 16-18.) Plaintiff
27   maintains that he has not engaged in forum shopping. (*Id.* at 18-19.)

28

                                                    5

# THE OPPOSITION

NNA opposes the Motion first on the ground that the amount in controversy exceeds $75,000 when the Court takes into account Plaintiff's claimed restitution damages, potential civil penalties, and future attorneys' fees and costs. (Dkt. No. 18 at 10-13.) NNA further argues that joinder was improper and Nissan of Redlands is not a necessary party to this action because "[t]his is a consumer warranty case involving a dispute between Nissan and Plaintiff only, and [Nissan of Redlands] is not needed to litigate the matter completely and properly or for Plaintiff to achieve complete relief." (*Id.* at 15.)

NNA also argues that there are no common questions of law between the allegations against NNA and those against Nissan of Redlands and the majority of the relevant facts do not overlap. (*Id.* at 15-16.) Therefore, NNA contends Plaintiff's lawsuit against Nissan of Redlands should be brought in a separate action, and Plaintiff adds that an original action against Nissan of Redlands would not be time-barred. (*Id.* at 16.) NNA further argues that: (1) Plaintiff inexplicably delayed adding Nissan of Redlands as a defendant; (2) Plaintiff's sole motive in adding Nissan of Redlands to the case was to defeat diversity jurisdiction; (3) Plaintiff's negligence claim against Nissan of Redlands is invalidated by the economic loss rule and fails to state a claim; and (4) NNA is prejudiced by the joinder. (*Id.* at 16-20.)

Finally, NNA argues that removing this case to federal court was not objectively unreasonable, therefore, NNA should not be ordered to pay Plaintiff's costs and fees. (Dkt. No. 18 at 14.)

# LEGAL STANDARD

Federal courts "possess limited jurisdiction" and "operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal

jurisdiction must prove otherwise." *Lopez v. Ford Motor Co.*, No. CV 19-4779-GW-FFMx, 2019 WL 5444391, at *2 (C.D. Cal. July 18, 2019) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). A defendant may generally remove a state court case to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). A defendant bears the burden of establishing that removal is proper and removal statutes are strictly construed against removal jurisdiction. *Lopez*, 2019 WL 5444391 at *2 (citations omitted).

Under 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." *See Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025) ("For diversity jurisdiction to attach, the suit must be between citizens of different states, and the "amount in controversy" must exceed $75,000."). Diversity of citizenship is measured as of the time the complaint is filed. *Co-Efficient Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987). If a complaint is amended to join new parties, "diversity must exist at the time the amended complaint is filed." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007).

In a situation where "the parties were completely diverse in the pleading that was operative at the time the case was removed," but then the plaintiff amended the complaint in federal court to add a non-diverse defendant without seeking leave, the court construes the resulting motion to remand "as a request for leave to join an additional defendant whose joinder would destroy subject matter jurisdiction, and to remand the action to the State court under 28 U.S.C. § 1447(e)." *Cline v. Maserati North America, Inc.*, No. 8:24-cv-02277-FWS-JDE, 2024 WL 4997848, at *1 (C.D. Cal. Dec. 4, 2024).

Under Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder,

7

or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Courts have construed the language in Section 1447(e) as providing the district court with broad discretion in considering whether to permit a plaintiff to join a non-diverse party.  *Khachunts v. General Ins. Co. of Am.*, 682 F. Supp. 3d 827, 832 (C.D. Cal. 2023); *Walker v. Global Mail, Inc.*, No. CV 21-6546-DMG (SHKx), 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021).  In exercising that discretion, courts consider six factors:

> (1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Walker*, 2021 WL 4594024 at *2 (citations omitted); *see also Cline*, 2024 WL 4997848 at *2 (same).

## DISCUSSION

Plaintiff filed the operative FAC that includes Nissan of Redlands as an individual defendant as a matter of course 18 days after NNA removed the action to this Court.  (Dkt. Nos. 1, 8.)  Plaintiff then filed the pending Motion, arguing that because he and Nissan of Redlands are both residents of California, diversity jurisdiction – the only basis on which this Court has subject matter jurisdiction over this case – no longer exists.  (Dkt. No. 15.)  The parties do not dispute that Plaintiff and Nissan of Redlands are both citizens of California for purposes of determining diversity jurisdiction.  (Dkt. No. 8 at 2; Dkt. No. 13 at 2; Dkt. No. 15-1 at 15; Dkt. No. 18 at 14.)  Therefore, if the Court permits Plaintiff to join Nissan of Redlands

in this case, "diversity jurisdiction will be destroyed because Plaintiff and the Dealership are both California citizens." *Martinez v. Nissan North America, Inc.*, No. 5:25-cv-00952-FWS-SP, 2025 WL 1716880, at *2 (C.D. Cal. June 17, 2025). As a result, in resolving the pending Motion, the Court must determine whether Plaintiff's joinder of Nissan of Redlands was proper using the six-factor Section 1447(e) analysis. *Id.*; *Cline*, 2024 WL 4997848 at *1.

### A. The Extent to Which Nissan of Redlands is Necessary for Just Adjudication

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Miner v. L3Harris Maritime Power and Energy Solutions, Inc.*, No. SACV 25-00676-DFM, 2025 WL 1833547, at *3 (C.D. Cal. July 2, 2025) (quoting *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999)). However, "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." *Marin v. FCA US LLC*, No. 2:21-cv-04067-AB-PDx, 2021 WL 5232652, at *2 (C.D. Cal. Nov. 9, 2021) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000)). Under Section 1447(e), "[t]he standard is met when failure to join will lead to separate and redundant actions," but not when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* (citation omitted).

The Court finds, in this case, like multiple cases decided in this District concerning the exact same issue – some of which concerning the exact same defendant (NNA) – that this factor weighs in favor of allowing joinder. *Martinez*, 2025 WL 1716880 at *2; *Zahir v. Mercedes Benz-USA, LLP*, No. 8:25-cv-00450-FWS-JDE, 2025 WL 1249373, at *3 (C.D. Cal. Apr. 30, 2025); *see also Cortez v. Nissan North America, Inc.*, No. 2:24-cv-05909-ODW (PDx), 2024 WL 5054378, at *4 (C.D. Cal. Dec. 10, 2024) ("[T]he Court joins other courts in finding that, under these circumstances, and in light of the less restrictive standard for amendment under §

9

1447(e) than for joinder under Rule 19, Gardena Nissan is a necessary party for purposes of the § 1447(e) analysis.") (citation omitted); *Cline v. Maserati North America, Inc.*, No. 8:24-cv-02277-FWS-JDE, 2024 WL 4997848, at *2 (C.D. Cal. Dec. 4, 2024); *Moore v. Mack Trucks, Inc.*, No. CV 24-5721-JFW (PDx), 2024 WL 5317166, at *2 (C.D. Cal. Oct. 3, 2024); *Phifer v. Subaru of Am., Inc.*, No. 5:23-cv-01043-SSS-SPx, 2023 WL 8845152, at *3 (C.D. Cal. Dec. 21, 2023); *Boren v. Subaru of America, Inc.*, No. CV 23-3323-JFW (JCx), 2023 WL 8254467, at *2 (C.D. Cal. July 5, 2023); *Flores v. Nissan North America, Inc.*, CV 21-09411-RSWL-PDx, 2022 WL 1469424, at *2-3 (C.D. Cal. May 9, 2022); *Marin*, 2021 WL 5232652 at *2; *Gonzalez v. Ford Motor Co.*, No. CV 21-6764-JFW (JEMx), 2021 WL 4786452, at *2-3 (C.D. Cal. Oct. 14, 2021); *Dordoni v. FCA US LLC*, No. EDCV 20-1475 JGB (SHKx), 2020 WL 6082132, at *3-4 (C.D. Cal. Oct. 15, 2020); *Malijen v. Ford Motor Co.*, No. EDCV 20-1217 JGB (KKx), 2020 WL 5934298, at *2 (C.D. Cal. Aug. 20, 2020); *Duenas v. FCA US LLC*, No. CV 20-1333-GW-KSx, 2020 WL 1546424, at *4 (C.D. Cal. Apr. 1, 2020); *Doyle v. General Motors LLC*, No. CV 19-10781-CJC (SSx), 2020 WL 915887, at *2 (C.D. Cal. Feb. 25, 2020); *Forward-Rossi v. Jaguar Land Rover North America, LLC*, No. 2:16-cv-00949-CAS (KSx); 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016).

Specifically, as was the situation in nearly all of the cases cited above, the warranty claims asserted against NNA and the negligent repair claim asserted against Nissan of Redlands "involve the same car," will likely involve the same alleged defects in that car, and at least some of "the same attempts to repair that car, and will likely require many of the same documents and witnesses and turn on many of the same legal and factual questions." *Martinez*, 2025 WL 1716880 at *2 (citation omitted); *see also Duenas*, 2020 WL 1546424 at *4 (joining the dealership to a lemon law case on a negligent repair theory "allows Plaintiff to explore – in a single action, without the need to burden two separate courts with essentially the same facts – where the fault, if any, actually lies with respect to the condition of Plaintiff's vehicle.").

For the foregoing reasons, this factor weighs in favor of joinder and remand.

**B. Statute of Limitations**

"If a plaintiff could file an action against the joined defendant in state court, then there is less reason to permit joinder under § 1447(e)." *Martinez*, 2025 WL 1716880 at *3; *Flores*, 2022 WL 1469424 at *3. "Under California law, the statute of limitations for a negligent repair claim is three years." *Flores*, 2022 WL 1469424 at *3 (citing Cal. Civ. Proc. Code § 338(c)(1)). The parties do not appear to be in agreement as to the length of the statute of limitations. (Dkt. No. 15-1 at 11-12; Dkt. No. 18 at 16.) However, although they get there by different routes, the parties appear to agree that the statute of limitations would not, at this time, bar a new, separate suit in state court against Nissan of Redlands. (*Id.*)

Plaintiff argues that an action under the Song-Beverly act expires four years after the purchase date of the vehicle. (Dkt. No. 15-1 at 11-12.) However, the newly added defendant is Nissan of Redlands and, as plainly established by the FAC, Plaintiff is *not* suing Nissan of Redlands for violating California's Song-Beverly Act; instead Plaintiff has alleged only one cause of action against Nissan of Redlands for negligent repair. (Dkt. No. 8 at 10.) The Complaint does not allege what dates Plaintiff delivered the Vehicle to Nissan of Redlands for repair(s), but simply alleges that Plaintiff did so "on numerous occasions." (*Id.*) NNA included with its Opposition, a Declaration of James P. Leonard, NNA's counsel, who states that Plaintiff only presented the Vehicle for repair to Nissan of Redlands on one occasion, January 8, 2025. (Dkt. No. 18-1 at 8.) Mr. Leonard includes as an exhibit to his Declaration a purported copy of the Vehicle's "National Service History" report, which supports his assertion. (*Id.* at 9-28.) Assuming the Vehicle was first presented to Nissan of Redlands on January 8, 2025, the three-year statute of limitations for bringing a cause of action for negligent repair would not preclude the filing of a new, separate action against Nissan of Redlands in state court. *Flores*, 2022 WL 1469424 at *3. In any case, Plaintiff does not assert that the statute of limitations would bar a new claim. (Dkt. No. 15-1 at 11-12.) Accordingly, this factor weighs against permitting joinder. *See Martinez*, 2025 WL 1716880 at *3 ("Because Plaintiff does not

contend that any statute of limitations would preclude an action against the Dealership in state court, the court finds this factor weighs against joinder.").

### C. Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Id.* (quoting *Clinco*, 41 F. Supp. 2d at 1083. "District courts generally measure delay from the date of removal to determine whether an unreasonable delay has occurred." *Id.* (quoting *Yenokian v. BMW of N. Am., LLC*, No. CV 18-4897 JFW (RAOx), 2018 WL 6177230, at *3 (C.D. Cal. Oct. 19, 2018)).

Here, NNA removed this case to federal court on April 4, 2025. (Dkt. No. 1.)  Plaintiff filed the FAC 18 days later, on April 22, 2025.  (Dkt. No. 8.)  As the 18-day delay was approximately the same or shorter than delays in other cases that have been found to be reasonable and weigh in favor of joinder, the Court finds there was no unreasonable delay here. *Moore*, 2024 WL 5317166 at *2 (six weeks); *Boren*, 2023 WL 8254467 at *2 (25 days); *Flores*, 2022 WL 1469424 at *1, 3 (19 days); *Marin*, 2021 WL 5232652 at *2 (four months); *Dordoni*, 2020 WL 6082132 at *1, 4 (21 days); *Malijen*, 2020 WL 5934298 at *3 (one month).  This factor weighs in favor of joinder and remand.

### D. Motive for Joinder

The timing of Plaintiff's amendment to join Nissan of Redlands in this case certainly suggests that the motive here may have been, at least in part, to destroy diversity jurisdiction. However, while "the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint," courts' "suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Martinez*, 2025

12

WL 1716880 at *3 (*quoting Marin*, 2021 WL 5232652 at *3).

Furthermore, when there is a seemingly valid claim stated against the joined defendant (discussed below), several courts have concluded that it is not readily apparent that destroying diversity is the sole motivation for joinder. *Id.*; *Gonzalez*, 2021 WL 4786452 at *3; *see also Marin*, 2021 WL 5232652 at *3 ("[A]dding just a single claim does not necessarily reflect bad faith; rather, it could be that only one claim is available against [the dealer/repair facility]. Furthermore, the negligent repair claim is conceptually distinct from the existing claims, undercutting [the defendant's] bad faith argument. . . . These bare facts do not show bad faith and the Court declines to impute improper motive to Plaintiff. This factor therefore favors amendment.") (citation, internal quotation marks, and brackets omitted).

For the foregoing reasons, the Court finds that this factor "weighs minimally against permitting joinder." *Martinez*, 2025 WL 1716880 at *3; *Gonzalez*, 2021 WL 4786452 at *3; *but see Flores*, 2022 WL 1469424 at *3 (finding under the similar circumstances that "this factor weighs slightly *in favor of* permitting joinder.") (emphasis added).

**E. Apparent Validity of Claims Against Nissan of Redlands**

"For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable – the claim need not be plausible nor stated with particularly." *Martinez*, 2025 WL 1716880 at *4 (quoting *Reyes v. FCA US LLC*, 2020 WL 7224286 at *8 (E.D. Cal. Dec. 8, 2020)). Further, "[i]n considering the fifth factor, the court need only determine whether the claim seems valid which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Stout v. Int'l Bus. Machines Corp.*, No. CV 16-4914 FMO (AJWx), 2016 WL 4528958, at *8 (C.D. Cal. Aug. 30, 2016) (citation, internal quotation marks, and brackets omitted). "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a possibility that a state court would find that the

complaint states a cause of action against any of the [non-diverse] defendants." *Martinez*, 2025 WL 1716880 at \*4 (quoting *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).

Here, Plaintiff has brought a claim of negligent repair against Nissan of Redlands. (Dkt. No. 8 at 10 ¶¶ 42-47.) The elements of a negligent repair claim are the same as any claim for negligence: "duty, breach, causation, and damages." *Cortez*, 2024 WL 5054378 at \*6 (quoting *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 840 (C.D. Cal. 2019)). In the FAC, Plaintiff alleges that: (1) he delivered the Vehicle to Nissan of Redlands "for repair on numerous occasions"; (2) Nissan of Redlands "owed a duty to Plaintiff to use ordinary care and skill in storage, preparation, diagnosis, and/or repair of the Vehicle with industry standards" (duty); (3) Nissan of Redlands "breached its duty to Plaintiff to use ordinary care and skill by failing to properly store, prepare, diagnose, and/or repair the Vehicle in accordance with industry standards" (breach); (4) Nissan of Redlands's "negligent breach of its duties owed to Plaintiff was a proximate cause of Plaintiff's damages" (causation); and (5) "Plaintiff sustained damages due to [Nissan of Redlands's] failure to properly store, prepare, diagnose and/or repair the Vehicle in accordance with industry standards" (damages). (Dkt. No. 8 at 10 ¶¶ 42-47.) While the allegations against Nissan of Redlands are certainly threadbare, at this stage of the proceedings the Court cannot rule out the "possibility that a state court would find that the complaint states a cause of action against" Nisan of Redlands. *Martinez*, 2025 WL 1716880 at \*4; *Grancare, LLC*, 889 F.3d at 549; *Moore*, 2024 WL 5317166 at \*3.

NNA argues that Plaintiff has not brought a valid claim against Nissan of Redlands because such a claim is barred by the economic loss rule. (Dkt. No. 18 at 18-19.) In California, "[t]he economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). However, "[f]ederal courts, when analyzing jurisdiction, have found it unclear whether

the economic loss rule . . . bars a negligent-repair claim." *Cortez*, 2024 WL 5054378 at *6 (quoting *Ferrer v. Ford Motor Co.*, No. 2:22-cv-03786-SB (MAAx), 2022 WL 4596649, at *4 (C.D. Cal. Aug. 2, 2022)).  As a result, "[d]istrict courts in California have been virtually unanimous in rejecting the argument that a dealer is fraudulently joined because the economic loss rule bars a negligent repair claim." *Id.* (citations omitted).  The Court finds that this case is similar to numerous cases that have rejected the same argument based upon the economic loss rule, concluding that "on the limited record before it, the Court cannot conclude that [Plaintiff's] negligent repair claim is foreclosed." *Id.*; *see also Sabicer*, 362 F. Supp. 3d at 841-42; *Moore*, 2024 WL 5317166 at *3  Thus, this factor weighs in favor of joinder and remand.

## F. Prejudice to the Plaintiff

"Where claims against parties sought to be joined in an action arise out of the same factual circumstances, it is in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once." *Khachunts*, 682 F. Supp. 3d at 837 (citation and internal quotation marks omitted).  Additionally, "to force the plaintiff to proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Id.* (citation and internal quotation marks omitted).  However, a "plaintiff will not be prejudiced if the court can accord complete relief without the proposed defendant." *Id.* (citation omitted).

Here, the Court finds the analysis in *Marin* instructive:

It is not clear whether Plaintiff seeks the same exact measure of damages, or just the same broad categories of damages, from [the manufacturer] and [the dealer/repair facility].  But regardless, the kind of injury alleged is conceptually different: Plaintiff raises the possibility that injury was suffered at the point-of-repair as opposed to from [the manufacturer's] alleged warranty

15

failure. Potentially different compensatory damages could flow from these two different injuries. . . . Given the foregoing, the Court has no trouble concluding that Plaintiff would be prejudiced by having to litigate the negligent repair claim in a parallel and duplicative state court case. Joinder-and-remand under § 1447(e) is an appropriate means of avoiding that prejudice.

*Marin*, 2021 WL 5232652 at *4; *see also Cortez*, 2024 WL 5054378 at *7 ("Denying joinder would require [the plaintiff] to either bring the claim against [the dealer/repair facility] separately in state court or forego it entirely. Thus, [the plaintiff] would be prejudiced if the Court were to deny joinder and this factor weighs in favor of permitting [the plaintiff] to add [the dealer/repair facility].").

The same circumstances as those discussed in *Marin* and *Cortez* are present in this case. Therefore, this factor weighs in favor of joinder.

## THE MOTION TO REMAND IS GRANTED

As discussed above, four of the six factors in the § 1447(e) analysis weigh in favor of permitting the joinder of Nissan of Redlands. Therefore, the Court finds that, on balance, joinder is proper. Moreover, the inclusion of Nissan of Redlands as a defendant defeats complete diversity between the parties to this case, and the Court no longer has subject matter jurisdiction. Accordingly, the Court concludes it is unnecessary to resolve the parties' disagreement over the amount in controversy. The Court **GRANTS** Plaintiff's Motion and **REMANDS** this matter to the Los Angeles Superior Court.

\\

\\

16

**CONCLUSION**

For the reasons outlined above, Plaintiff's Motion to Remand to the California Superior Court for the County of Los Angeles is **GRANTED**.


DATED: September 29, 2025

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

17